**JIN ZHU LIN, Petitioner,**

v.

**Michael MUKASEY,[1] Attorney General, Respondent.**

**No. 07–3764–ag.**

United States Court of Appeals, Second Circuit.

March 6, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Lee Ratner, Of Counsel to Law Offices of Michael Brown, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jin Zhu Lin, a native and citizen of the People's Republic of China, seeks review of an August 14, 2007, order of the BIA affirming the August 30, 2005, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin Zhu Lin,* No. A77 706 991 (B.I.A. Aug. 14, 2007), *aff'g* No. A77 706 991 (Immig. Ct. N.Y. City Aug. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Lin does not address the IJ's pretermission of her asylum application, her claims based on her U.S.-born children, or the agency's denial of CAT relief in her brief to this Court. Because issues not sufficiently argued in the briefs are considered waived, we deem these arguments abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA did not adopt the IJ's adverse credibility finding with regard to Lin's past persecution claim, but explic-

itly stated that it was reviewing that claim on the assumption that Lin's testimony was credible, we assume the credibility of that testimony. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Here, Lin testified that while she was detained by family planning authorities, she was interrogated, slapped in the face four or five times, kicked, and had water poured over her face. The BIA concluded that Lin failed to demonstrate that the harm she suffered rose to the level of persecution. In reaching that conclusion, the BIA distinguished Lin's case from *Beskovic v. Gonzales,* 467 F.3d 223, 226–27 (2d Cir.2006). The BIA acknowledged that under *Beskovic,* "[a] single incident of harm or degradation occurring in the context of an arrest and detention on account of a protected ground may, in some instances, rise to the level of persecution," but found that Lin's case did not present such an instance because: (1) Lin's detention was very brief; (2) the detention occurred in a family planning office rather than a prison setting; and (3) nothing in the record indicates that Lin suffered any serious injury from the incident. Lin argues that the BIA's analysis was erroneous, particularly because the distinction between whether Lin's beating occurred in a family planning office or in prison is artificial.

We have never indicated that the detention at issue must take place in a prison or jail in order to deserve the BIA's "keen[ ] sensitiv[ity]." *Beskovic,* 467 F.3d at 226. Nevertheless, we need not determine whether the BIA's past persecution finding was proper. Even assuming that it was, remand is warranted here because the BIA failed to determine whether Lin had established a likelihood of future persecution based on her arrest and detention in China. *See* 8 U.S.C. § 1231(b)(3)(A). Lin argues that she faces future persecution because of her past actions against the family planning policy. Rather than evaluating that claim, however, the BIA determined that Lin did not establish a clear probability of future persecution only with respect to her claim based on her U.S.-born children. Accordingly, remand is required for the BIA to determine whether Lin established a likelihood of future persecution based on her prior arrest.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, Lin's pending motion for a stay of removal in this petition is DISMISSED as moot.